UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

JOSHUA L. SMITH,

        Plaintiff,

vs.

MIDLAND FUNDING, LLC, and
SPRECHMAN and ASSOCIATES, P.A.,

        Defendants.
_____/

## COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
(Jury Demand)

### Introduction

1. This is an action for actual and statutory damages brought by JOSHUA L. SMITH, an individual consumer, for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction

2. This Court has jurisdiction according to 28 U.S.C. §§ 1331 and 1337(a), and 15 U.S.C. § 1692k(d).

### Venue

3. Venue in this District is proper according to 28 U.S.C. § 1391, because Defendants transact business in the Southern District of Florida and the conduct complained of occurred here.

### Parties

4. Plaintiff, JOSHUA L. SMITH, is a natural person residing at all relevant times in Broward County, Florida.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant MIDLAND FUNDING, LLC, ("MIDLAND"), is a Delaware limited liability company with its principal place of business in San Diego, California.

7. Defendant MIDLAND is in the business of collecting debts, for which it uses the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

8. Defendant SPRECHMAN & ASSOCIATES, P.A. ("SPRECHMAN") is a law firm in the business of collecting debts, for which it uses the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

9. MIDLAND hired SPRECHMAN as its agent to collect a credit card debt from SMITH and to sue in state court to collect the debt.

10. Defendants MIDLAND and SPRECHMAN are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11. The alleged debt Defendants MIDLANDand SPRECHMAN sought to collect from SMITH arose in connection with SMITH's personal living expenses and was a "consumer" "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

13. The actions of SPRECHMAN are imputed to MIDLAND.

14. MIDLAND is vicariously liable for the actions of SPRECHMAN.

### Purpose of the FDCPA

15. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, the United States Congress has declared at 15 U.S.C. § 1692:

2

*(a) Abusive practices*

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

*(b) Inadequacy of laws*

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## Factual Allegations

16. Defendants sought to collect upon an alleged debt from Plaintiff arising from an HSBC Bank Nevada, N.A., credit card allegedly used by Plaintiff for personal, family, or household purposes.

17. On April 28, Defendant MIDLAND FUNDING, through its agent and servicer Midland Credit Management, Inc., sent a letter to Plaintiff announcing that it had acquired the debt and that Plaintiff's "current balance" on the debt was $11,423.63. (Exh. 1)

18. On June 4, 2011, MIDLAND FUNDING, through its agent and servicer Midland Credit Management, Inc., sent another letter to Plaintiff entitled "NEW OWNERSHIP *AND* PRE-LEGAL REVIEW" ("June 4 letter"). (June 4 letter attached as Exh. 2)

19. The June 4 letter stated that Plaintiff's balance on the alleged debt was $11,423.65, as of June 4, but that the balance would increase "from day to day:"

> As of the date of this letter, you owe $11,423.65. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

(Exhibit 2 at pg. 2.)

20. The June 4 letter stated that the "current balance" of Plaintiff's alleged debt included "accrued interest" of $578.50, which Defendant MIDLAND computed at an interest rate of 11%. (Exhibit 2 at pg.3.)

3

21. On November 23, 2011, Defendant SPRECHMAN sent Plaintiff a letter as agent of Defendant MIDLAND FUNDING (the "SPRECHMAN letter"). (Exh. 3)

22. The SPRECHMAN letter states that the "total due" was $11,394.15, and this amount is what "you [Plaintiff] actually owe."

23. The balance set forth in the SPRECHMAN letter differs from the amounts set forth in MIDLAND's prior letters to Plaintiff. The three letters are confusing and deceptive as to the amount Plaintiff owes on the alleged debt.

24. The SPRECHMAN letter breaks down the "amount actually owe[d]" into an "amount due" of $10,845.13, and interest in the amount of $549.02.

25. There is no contract or agreement between Plaintiff and Defendants that permit Defendants to collect interest in any amount on the alleged debt prior to obtaining a court judgment on same.

26. In January 2012, Defendants filed suit in state court on the alleged debt claiming the amount due was $10,845.13 (Exh. 4). The state court suit set forth a claim for "open account," not breach of contract, and there was no contract attached to the state court complaint.

27. The state court law suit set forth an amount as due and owing ($10,845.13) that was different from that set forth in the SPRECHMAN letter ($11,394.15), or from the $11,423.65 claimed to be due and owing in Defendant MIDLAND's prior letters. (Exhs 1 and 2).

28. Pre-judgment interest in Florida is an element of pecuniary damages and is not authorized unless damages are liquidated by a verdict. <u>Argonaut Ins. Co. vs. May Plumbing Co.</u>, 474 So.2d 212, 214-215 (Fla. 1985) ("*once a verdict has liquidated*

*the damages as of a date certain*, computation of prejudgment interest is merely a mathematical computation"); Amerace Corp. vs. Stallings, 823 So.2d 110, 116 (Fla. 2002) ("It has long been the law in Florida that in contract actions, and in certain tort cases, *once the amount of damages is determined,* prejudgment interest is allowed from the date of the loss or the accrual of the cause of action. *See also* Burkhart vs. Kroeger Concrete Products, Inc., 468 So.2d 469 (Fla. 4th DCA 1985).

29. Because the amounts claimed to be due and owing by Defendants were unliquidated damages, Defendants' had no legal authority to collect pre-judgment interest on that amount prior to obtaining a court judgment on same.

30. Alternatively, in the event this Court determines that such amount was an uncontested liquidated amount and the date of default was also uncontested, prior to obtaining a judgment in state court, pre-judgment interest is limited to the statutory interest rate authorized by Florida Statutes sections 55.03 and 687.01.

31. The amount of interest Defendants attempted to collect in the November 2011 SPRECHMAN letter far exceeded the statutory interest rate at that time, which was 4.75%.

32. Further, although the credit card company-assignor was an entity qualified to charge interest rates in excess of those allowed by Florida Statutes sections 55.03 and 687.01, defendants herein do not acquire, by mere assignment the same status or statutory rights to charge interest in excess of the statutorily allowed rate. The defendants herein are not qualified entities entitled to charge excessive interest rates.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff incorporates Paragraphs 1 through 31 as though they were fully realleged herein.

34. Defendants' FDCPA violations include, but are not limited to, the following:

   a. Defendants' attempt to collect $11,394.15 in the SPRECHMAN letter (Exh. 3) while suing in state court for $10,845.13 only two months later constitutes false, deceptive, and/or misleading representations in violation of 15 U.S.C. 1692e, because Defendants did not have any contractual or legal authority to charge Plaintiff any interest on the alleged debt.

   b. Defendants' attempt in the SPRECHMAN letter to collect interest in addition to the balance due and owing constitutes a false representation of the character, amount or legal status of the debt in violation of 15 U.S.C. 1692e(2)(A);

   c. Defendants' representation in the SPRECHMAN letter that interest was due on the alleged debt without having any legal authority to collect such interest constitutes the use of a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. 1692e(11);

   d. Defendants' attempt in the SPRECHMAN letter to collect interest incidental to the principal obligation without the express legal or contractual authority to do so constitutes an unfair practice in violation of 1692f(1).

6

35. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, and costs and attorney fees.

### Prayer for Relief

WHEREFORE, Plaintiff requests a jury trial and that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C. 1692k(a) (2)(A);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3) and Fed.R.Civ.P. 54(d), and

E. For such other and further relief as this Court may deem just and proper.

### Jury Trial Demand

36. Plaintiff demands trial by jury.

REBECCA J. COVEY, L.L.C.
Counsel for Plaintiff
1318 Southeast 1st Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-4300
E-mail: RebeccaCovey@LemonAdvice.com

By: /s/ Rebecca J. Covey
_____
REBECCA J. COVEY
Florida Bar No. 471641

Return Mail Only No Correspondence
Dept. 12421
**mcm** PO Box 603
Oaks, PA 19456

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

| | |
|---|---|
| | Current Owner: Midland Funding LLC |
| | Original Creditor: HSBC BANK NEVADA N.A. |
| 04-28-2011 | Original Account No.: 5499441092598229 |
| | MCM Account No.: **8539653836** |
| | Current Balance: **$11,423.63** |

90989-17

#BWNHLTH
#0000 0853 9653 8366#
JOSHUA L SMITH
3228 NE 14TH STREET CSWY APT 4
POMPANO BEACH, FL 33062-8105

Dear JOSHUA L SMITH,

The purpose of this letter is to advise you that Midland Funding LLC is the new owner of the above-referenced account, and Midland Credit Management, Inc. ("MCM"), a debt collection company, is now the servicer of this obligation. Midland Funding LLC received an assignment of your account with the above-listed original creditor. Accordingly, all future communication regarding the account should be addressed to MCM as servicer for Midland Funding LLC and not the previous owner. No collection efforts will occur on this account for at least 30 days from the date of this notice.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Midland Credit Management, Inc.
8875 Aero Drive, Suite 200
San Diego, CA 92123

IMPORTANT DISCLOSURE INFORMATION

Although this communication is from a debt collector, this is not an attempt to collect a debt.



PLAINTIFF'S EXHIBIT
1

17

C93679


Return Mail Only - No Correspondence
**mcm** Dept. 12421
PO Box 603
Oaks, PA 19456

06-04-2011

18624 - 1617

JOSHUA L SMITH
3228 NE 14TH STREET CSWY APT 4
POMPANO BEACH, FL 33062-A305



| MCM Account Number | |
|---|---|
| Original Creditor | HSBC BANK NEVADA N.A. |
| CURRENT BALANCE | $11,423.63 |
| PAYMENT DUE DATE | 07-19-2011 |

## NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW

Dear JOSHUA L SMITH,

Midland Funding LLC recently purchased your HSBC BANK NEVADA N.A. account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation.

Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 07-19-2011, we may proceed with forwarding this account to an attorney.

**What do you need to do to stop this process from continuing?**

1) Mail in $750.00 and call to set up your remaining payments.
2) Call us today to see how to qualify for discounts and payment plans.

**LET US HELP YOU!** If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. We encourage you to call us today: (800) 265-8825.

Sincerely,

Recovery Department
Midland Credit Management, Inc.
(800) 265-8825

For ease and convenience, make payments online and view additional offers at: www.midlandcreditonline.com

NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

**BENEFITS OF PAYING!**

➢ This may be your last chance to work with us before the account goes to an attorney.

➢ No additional interest will be charged to your account.

➢ Get rid of this debt and get on with your life.

*Once your account is paid,*

➢ All collection calls and letters on this account will stop!

➢ We will notify the credit bureaus the debt is PAID IN FULL.*

**CALL US TODAY!**
(800) 265-8825

Hours of Operation:
M-Th 6am - 7:30pm MST
Fri 6am - 5pm;
Sat 6am - 11am,

*Please tear off and return lower portion with payment in the envelope provided*

---

**PAYMENT COUPON**

MCM Account No.:
Original Account No.
Current Balance:   $11,423.63

Payment Due Date: 07-19-2011

Amount Enclosed: _____

Make check payable to:
Midland Credit Management, Inc.

**mcm** Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

PLAINTIFF'S
EXHIBIT
2



Return Mail Only - No Correspondence
**mcm** Dept. 12421
PO Box 603
Oaks, PA 19456



JOSHUA L SMITH
3228 NE 14TH STREET CSWY APT 4
POMPANO BEACH, FL 33062-8105

| STATEMENT | | | |
|---|---|---|---|
| MCM Account #: | | | Previous Balance: $10,845.13 |
| Original Account #: | | | Interest Rate: 11% |
| Statement Date: 06-04-2011 | | Due Date: 07-19-2011 | Accrued Interest: $578.50 |
| Current Owner: Midland Funding LLC | | Original Creditor: HSBC BANK NEVADA N.A. | Current Balance: $11,423.63 |
| Due Date | Date Received | Transactions | Amount |
| 07-19-2011 | 06-04-2011 | The above-referenced account was purchased by Midland Funding LLC and is serviced by Midland Credit Management, Inc.("MCM"). The balance of $11,423.63 is due by 07-19-2011. Please direct all correspondence to: Midland Credit Management, Inc. P.O. Box 939019 San Diego, CA 92193-9019 | $11,423.63 |
| | | | Current Balance $11,423.63 |

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

16824 - LT1W - 3234

Important Disclosure Information

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

The records associated with the purchase from HSBC BANK NEVADA N.A. reflect that you are obligated on this account, which is in default. As of the date of this letter, you owe $11,423.63. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 265-8825. As the owner of this account, but subject to the rights described below, Midland Funding LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above.

*We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. No credit reporting will occur if the federal reporting period has expired.

-----------------------------------

Please send any correspondence relating to any credit reporting* of this account to:
MCM CREDIT REPORTING DEPARTMENT, 8875 Aero Drive, Suite 200, San Diego, CA 92123.
PLEASE RETAIN THIS ADDRESS FOR ANY ISSUES RELATING SOLELY TO THE CREDIT REPORTING OF YOUR ACCOUNT.

**MAIL PAYMENTS TO**: P.O. Box 60578, Los Angeles, CA 90060-0578

**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** MCM's business address at 8875 Aero Drive, Suite 200, San Diego, CA 92123

# LAW OFFICES OF
# SPRECHMAN & ASSOCIATES, P.A.

2775 SUNNY ISLES BOULEVARD, SUITE 100, MIAMI, FLORIDA 33160-4007
Phone: 305.931.0100 • Toll Free: 800.440.6289 • Fax: 305.936.0200
Email: sprechman@sprechmanlaw.com • Web Site: www.sprechmanlaw.com

LEONARD BENDELL
Director of Operations

ROBERT P. LERNER
Collection Manager

STEVEN B. SPRECHMAN • STACEY S. FISHER • SCOTT E. MODLIN • JERALYN ADELMAN LEYDIG • LINDA E. SINGER • ELBERT CRAIG BERRY, III • SETH WIEDER

November 23, 2011

JOSHUA SMITH
3228 NE 14TH STREET CSWY APT 4
POMPANO BEACH FL 33062


Re:    Creditor:        **Midland Funding LLC**   as successor to **HSBC BANK NEVADA N.A.    GM**

       Our File No.:    C93679
       Amount due:      $10,845.13
                        $549.02 Interest
                        $11,394.15 Total Due

Dear JOSHUA SMITH:

### SETTLEMENT OFFER

This office represents **Midland Funding LLC**. Our client purchased and is the owner of your debt to **HSBC BANK NEVADA N.A.    GM**, account number 5499441092598229. We have been authorized by our client to offer you a settlement of 75% of your current balance due. The savings to you is detailed below:

       You actually owe:          $11,394.15

       Settlement Amount:         $8,545.61

Call our office today to discuss our client's settlement proposal.

If you wish to discuss this matter please call (866)849-8363.

WHEN CALLING OUR OFFICE ASK FOR Legal Department-Retail
REFER TO FILE C93679

                                   Very truly yours,
                                   SPRECHMAN & ASSOCIATES, P.A.

                                   By: _____
                                        Steven B. Sprechman

D3P75SIF C93679

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**PLAINTIFF'S EXHIBIT 3**



IN THE COUNTY COURT IN AND FOR
BROWARD COUNTY, FLORIDA  12-00751

MIDLAND FUNDING LLC as
successor in interest to
HSBC Bank Nevada N.A.
            Plaintiff,
vs.

CASE NO:



JOSHUA SMITH aka Joshua L. Smith
            Defendant(s)
_____/

A TRUE COPY

## COMPLAINT

Plaintiff, MIDLAND FUNDING LLC as successor in interest to HSBC Bank Nevada N.A. sues Defendant, JOSHUA SMITH aka Joshua L. Smith and alleges:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

1. This is an action for damages that exceeds $5,000.00 but is less than $15,000.00.

2. Upon Defendant's request, Plaintiff or it's successor(s) established a Credit Account in the name of Defendant, JOSHUA SMITH aka Joshua L. Smith, and issued a Credit Card to same Defendant(s).

3. Plaintiff is the successor in interest to HSBC BANK NEVADA N.A. GM.

4. Plaintiff is the current owner of the credit account established in the Defendant(s) name and which is being sued upon in this Complaint.

### COUNT I

5. Plaintiff readopts and realleges the Jurisdictional and Factual allegations of this Complaint.

6. This Count is pursuant to F.R.C.P. Form 1.936 approved by the Florida Supreme Court.

7. Defendant(s), JOSHUA SMITH aka Joshua L. Smith owe(s) Plaintiff $10,845.13 that is due with interest since October 30, 2010, for money lent by Plaintiff to Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant(s), JOSHUA SMITH aka Joshua L. Smith for damages, plus Court costs and interest.

### COUNT II

8. Plaintiff readopts and realleges the jurisdictional and factual allegations of this Complaint.

9. This Count is pursuant to F.R.C.P. Form 1.933 approved by the Florida Supreme Court.

PLAINTIFF'S EXHIBIT 4

10. Before the institution of this action the Plaintiff and Defendant, JOSHUA SMITH aka Joshua L. Smith had business transactions between them and on October 30, 2010, they agreed to the resulting balance.

11. Plaintiff or it's successor(s) rendered a statement of it to Defendant, JOSHUA SMITH aka Joshua L. Smith a copy being attached, and the Defendant, JOSHUA SMITH aka Joshua L. Smith did not object to the statement.

12. Defendant, JOSHUA SMITH aka Joshua L. Smith owes Plaintiff $10,845.13 that is due since October 30, 2010, on the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, JOSHUA SMITH aka Joshua L. Smith for damages, including court costs, and such other relief as this Court deems reasonable.

## COUNT III

13. Plaintiff readopts and realleges the jurisdictional and factual allegations of this Complaint.

14. This Count is pursuant to F.R.C.P. Form 1.932 approved by the Florida Supreme Court.

15. Defendant, JOSHUA SMITH aka Joshua L. Smith owes Plaintiff $10,845.13 that is due since October 30, 2010, according to the attached account.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, JOSHUA SMITH aka Joshua L. Smith including court costs, and such other relief as this Court deems reasonable.

SPRECHMAN & ASSOCIATES P.A.
Attorney for Plaintiff
2775 Sunny Isles Blvd, Ste 100
Miami, FL 33160-4007
305-931-0100
800-440-6289

By _____
Scott E. Modlin, Esq.
Fla. Bar No. 947296

C93679:PCCC