IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:12-CV-61911 ROSENBAUM/SELTZER

JOSHUA L. SMITH,

   Plaintiff,

-v-

MIDLAND FUNDING, LLC AND
SPRECHMAN AND ASSOCIATES, P.A.,

   Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

  **COMES NOW** Defendant Midland Funding, LLC ("Midland"), specifically reserving its right to compel arbitration of the claims of Joshua L. Smith ("Plaintiff"), and for its Answer to Plaintiff's Complaint ("Complaint"), states as follows:

### Introduction

  1. In response to paragraph 1 of Plaintiff's Complaint, Midland admits that Plaintiff purports to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), but denies that it violated any law and any other allegations contained in paragraph 1 of Plaintiff's Complaint.

### Jurisdiction

  2. Midland states the allegations contained in Paragraph 2 of Plaintiff's Complaint call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 2 do not contain a legal conclusion, Midland admits that 28 U.S.C. § 1331 and 1337(a) and 15 U.S.C. § 1692k(d) speak for themselves and denies all remaining allegations.

**Venue**

3.  Midland states the allegations contained in Paragraph 3 of Plaintiff's Complaint call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 3 do not contain a legal conclusion, Midland admits that suits have been filed on its behalf in state courts within this district, that the complaint against Plaintiff speaks for itself and denies all remaining allegations in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

**Parties**

4.  Midland is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint, and therefore, Midland denies the same and demands strict proof thereof.

5.  Midland states the allegations contained in Paragraph 5 of Plaintiff's Complaint call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 5 do not contain a legal conclusion, Midland has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

6.  Admitted.

7.  Midland denies the allegations in Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8.  Midland is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, and therefore, Midland denies the same and demands strict proof thereof.

9.  Midland denies the allegations set forth in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10. Midland states the allegations contained in Paragraph 10 of Plaintiff's Complaint call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 10 do not contain a legal conclusion, Midland has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

11. Midland states the allegations contained in Paragraph 11 of Plaintiff's Complaint call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 11 do not contain a legal conclusion, Midland has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

12. Midland states the allegations contained in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 12 do not contain a legal conclusion, Midland has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

13. Midland denies the allegations set forth in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Midland denies the allegations set forth in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

**Purpose of the FDCPA**

15. The allegations of Paragraph 15 purport to summarize the law, and, therefore, no response is required from Midland. To the extent a response is required, Midland states that the FDCPA speaks for itself and denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

**Factual Allegations**

16. Midland admits that the state court complaint against Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 16 of Plaintiff's complaint and demand strict proof thereof.

17. Midland admits that all correspondence from Midland Credit Management, Inc. to Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 17 of Plaintiff's complaint and demand strict proof thereof.

18. Midland admits that all correspondence from Midland Credit Management, Inc. to Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 18 of Plaintiff's complaint and demand strict proof thereof.

19. Midland admits that all correspondence from Midland Credit Management, Inc. to Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 19 of Plaintiff's complaint and demand strict proof thereof.

20. Midland admits that all correspondence from Midland Credit Management, Inc. to Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 20 of Plaintiff's complaint and demand strict proof thereof.

21. Midland admits that all correspondence from Defendant Sprechman to Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 21 of Plaintiff's complaint and demand strict proof thereof.

22. Midland admits that all correspondence from Defendant Sprechman to Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 22 of Plaintiff's complaint and demand strict proof thereof.

23. Midland admits that all correspondence from Defendant Sprechman to Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 23 of Plaintiff's complaint and demand strict proof thereof.

24. Midland admits that all correspondence from Defendant Sprechman to Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 24 of Plaintiff's complaint and demand strict proof thereof.

25. Midland denies the allegations set forth in paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26. Midland admits that the state court complaint against Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 26 of Plaintiff's complaint and demand strict proof thereof.

27. Midland admits that the state court complaint against Plaintiff speaks for itself and denies all remaining allegations contained in Paragraph 27 of Plaintiff's complaint and demand strict proof thereof.

28. The allegations of Paragraph 28 purport to summarize the law, and, therefore, no response is required from Midland. To the extent a response is required, Midland states that Florida law speaks for itself and denies the remaining allegations in Paragraph 28 of Plaintiff's Complaint.

29. Midland denies the allegations set forth in paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30. Midland states the allegations contained in Paragraph 30 of Plaintiff's Complaint call for a legal conclusion and, therefore, no response is required. To the extent the allegations

of Paragraph 30 do not contain a legal conclusion, Midland denies the allegations set forth in paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31.     Midland states the allegations contained in Paragraph 31 of Plaintiff's Complaint call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 31 do not contain a legal conclusion, Midland denies the allegations set forth in paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

32.     Midland states the allegations contained in Paragraph 32 of Plaintiff's Complaint call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 32 do not contain a legal conclusion, Midland denies the allegations set forth in paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

33.     Midland incorporates its responses to Paragraphs 1 through 32 of Plaintiff's Complaint as though fully stated herein.

34.     Midland denies the allegations set forth in paragraph 34 of Plaintiff's Complaint, including all subparts, and demands strict proof thereof.

35.     Midland denies the allegations set forth in paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

### Prayer for Relief

In response to the "Prayer for Relief," Midland denies that Plaintiff is entitled to any judgment, declaratory relief, actual damages, statutory damages, costs, attorneys fees or any other relief whatsoever and demands strict proof thereof.

36.     Midland admits that Plaintiff has requested a trial by jury and Midland denies all remaining allegations set forth in paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering his claims against Midland, Plaintiff's claims are subject to arbitration.

### SECOND DEFENSE

Any violation of the law, which Midland denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Midland.

### THIRD DEFENSE

To the extent Plaintiff's claims relate to conduct outside the requisite statute of limitations periods, Plaintiff's claims are barred by the statute of limitations.

### FOURTH DEFENSE

To the extent Plaintiff has previously released his claims against Midland, Plaintiff's claims are barred by the doctrine of release.

### FIFTH DEFENSE

To the extent Plaintiff has filed bankruptcy and failed to disclose the subject claims in the bankruptcy schedules, the claims asserted by Plaintiff are barred based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release.  Moreover, as a result of any such prior proceedings, Plaintiff may not be the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

**SIXTH DEFENSE**

To the extent any violation of law occurred, which Midland denies, such violations unintentional, resulted from a bona fide error, and the error occurred despite the maintenance of procedures reasonably adapted to avoid such errors.

**SEVENTH DEFENSE**

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which Midland had no responsibility or control and for which Midland may not be held liable.

To the extent any of the allegations have not been responded to, there are hereby denied.

Respectfully submitted this 2nd day of November, 2012.

*s/ R. Frank Springfield*
R. Frank Springfield (FL Bar No. 0010871)
Nick Agnello (FL Bar No. 0090844)
BURR & FORMAN LLP
350 Las Olas Boulevard, Suite 850
Ft. Lauderdale, Florida 33301
Telephone:  (954) 414-6200
Facsimile: (954) 414-6201
fspringf@burr.com
nagnello@burr.com

Attorneys for Defendant
MIDLAND FUNDING, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 2nd day of November, 2012:

Rebecca J. Covey
Rebecca J. Covey, L.L.C.
1318 Southeast 1st Avenue
Fort Lauderdale, FL  33316

                                            *s/ R. Frank Springfield*
                                            Of Counsel